## NATHANIEL EDWARDS V. STATE.

No. 24653. February 15, 1950.

W. S. Hart, Houston, for appellant.

A. C. Winborn, Criminal District Attorney, and E. T. Branch, Assistant District Attorney, both of Houston, and George P. Blackburn, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of the offense of rape, and his punishment assessed at death.

Appellant has filed no brief.

There are no bills of exception in the record, and no exceptions to the court's charge.

The indictment appears to be regular in form.

Appellant filed a motion for new trial contending that the evidence was insufficient, and complaining that the trial court denied his motions for continuance.

No question is before this court in regard to the matter of continuance in the absence of a proper bill of exception. See Nelson v. State, 1 Tex. App. 41, 44. An examination of such motions, however, discloses no abuse of discretion by the trial judge in refusing to continue the case.

The evidence shows that a young girl and her escort, as they sat in a parked car on the night of May 13, 1949, were accosted by appellant and two other Negro men, one of whom hit the girl's escort on the back of the head with a hammer, and then, after robbing the couple, each of the Negroes in turn ravished the girl named in the indictment.

One of the Negroes, with the hammer in his hand, remained near the young lady all during the horrible ordeal, and while she was begging and praying, the language of the trio was vulgar and indecent.

The lives of the young couple were threatened repeatedly, and the young lady pleaded with them not to kill her escort.

The boy's watch, taken from his wrist, was found under a

bridge where appellant, in his oral confession, said he had hidden it. A knife which appellant said he had thrown in the weeds was found there by the officers.

A blood-stained hammer was found in the house where appellant roomed.

One of the other Negroes took the sheriff to the place where he said he had buried the girl's watch taken from her wrist, and they dug it up.

After ravishing the girl, appellant and his companions took the keys to the car, punctured the tires, and left the scene. They ordered the young couple to remain in the car for a time, and made them promise not to tell the police, under threats of death, if they turned them in.

The young couple, after some forty-five minutes, made their way to a Negro minister's home nearby, and was taken by the minister to the home of the girl's parents.

Appellant left Houston the next day. He returned several days later, and gave himself up to the officers.

Appellant stood mute when arraigned, and a plea of not guilty was entered for him by the court.

Upon the trial, appellant testified and admitted his guilt. He sought, however, to minimize his culpability by claiming that one of the other offenders hit the boy with the hammer, pulled the girl out of the car, and suggested that they be killed. He claimed that he told his companion to keep his hands off the girl, and also told him that it would be wrong to kill the boy.

It was his testimony that the reason for his actions was because of the way his companions talked about him "cracking up," meaning going crazy.

On cross examination, he admitted that he was the first one who said "stick them up;" that he held the knife and stood by the boy while a companion took the girl away from the car; that he saw what his companions did to the girl, and that he was the second of the trio to have intercourse with her.

Appellant, after his arrest, co-operated with the officers in trying to locate one of his companions in crime.

The punishment to be assessed is a matter exclusively within the province of the jury, and unless there is an error of law or a lack of sufficient evidence to sustain the conviction this court must affirm the case. See Walker v. State, 144 Tex. Cr. R. 329, 161 S. W. 2d 1077.

It is plain that the jury was warranted under the facts in assessing the extreme penalty.

The judgment of the trial court is affirmed.

Opinion approved by the court.