MORRIS BESSARD V. STATE.

No. 25240. March 28, 1951.

Not attorney for appellant of record on appeal.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appellant was convicted of rape and assessed the death penalty.

This is a companion case to that of Edwards v. State, reported in 154 Texas Crim. Rep. 259, 226 S.W. 2d 865, and McFarland v. State, 154 Texas Crim. Rep. 486, 228 S.W. 2d 854. The penalty in each of the foregoing cases was death. Each of the cases was affirmed and each party paid the penalty in the electric chair.

The evidence in this case is, in all material aspects, the same as that in each of the above named cases. In addition thereto, the witness Rainy Aggerson, a Negro boy who had known appellant in Port Arthur prior to coming to Houston, testified that he saw appellant at about seven or eight o'clock on the night of the offense and drank beer with him in a cafe. The next morning appellant came to his room about seven o'clock and wanted to wash his face. While doing so, the witness noticed an Army ring on his forefinger and asked where he got it. Appellant told him that he got it down on Chocolate Bayou Road; that he met a lady and a man in a car and got it from them. He also stated that he got some money and a watch; that Nathaniel Edwards and another party were with him; that he "went with a white girl down there on the side of the road."

This witness also saw Nathaniel Edwards and the other party, whom he later learned was Eugene McFarland. They came

by in a pickup truck, early the next morning after the crime, and had a conversation with appellant about changing his clothes. The witness rode with these three Negroes in their truck for some distance to catch his bus to work. He saw them throwing something out by a little bridge, which was, according to the evidence of other witnesses, the watch of the young man involved. It was afterwards recovered under the direction of another one of the parties.

It appears that appellant was not arrested until approximately a year later. This witness saw him in McCamey, Texas. The witness was in a cafe drinking beer when appellant came in with two women. As appellant left the place, the witness called to him and was admonished not to call him Morris Bessard, that his name was "James."

This witness knew, of course, of appellant's connection with the crime in Houston. He returned to Odessa and there talked to an officer, which resulted in appellant's arrest the next day.

After his arrest appellant signed a confession of his part in the crime and related facts somewhat different, but not in conflict on anything material with that of the other parties to the crime.

There are no bills of exception in the record and our analysis of the evidence introduced would not indicate that there was grounds for any exception to be taken to it. Appellant did not testify in the case and offered no witnesses in rebuttal of any evidence given by the state witnesses, or in extenuation of his crime.

When his case was called appellant presented a motion for continuance in an effort to secure witnesses who would testify that he had received an injury in an altercation with some Mexicans, some months prior ot his arrest, and that he had become mentally incompetent. The court passed the case over for several weeks. When the case was called for trial no further effort was made to continue the same. The witnesses named in the motion do not appear among those in the record and no effort was made to prove appellant's mental condition. If he is now insane the courts will hear his evidence on the subject, regardless of the affirmance of the judgment in this cause. Furthermore, there is no ground in the record for any discussion of the motion for continuance as nothing was brought forward by bill of exception.

We have carefully considered the record before us and are of the opinion that no error was committed in the trial of the case. The penalty was fixed by the jury and no court has a right, under the record of this case, to set that verdict aside.

The judgment of the trial court is affirmed.